# Stock, Appellant, *v.* Stock.

*Beneficial associations—Beneficiary—Mother or wife.*

Where a by-law of a beneficial association provides that a single man without family may name his mother as beneficiary, and the by-laws also provide a manner in which the beneficiary may be changed, if the member so desires, and a member when single and without a family designates his mother as beneficiary, and subsequently marries, and thereafter dies without changing the name of the beneficiary, the mother and not the wife is entitled to the death benefits.

Argued Oct. 24, 1901. Appeal, No. 97, Oct. T., 1901, by plaintiff, from judgment of C. P. No. 2, Phila. Co., June T.,

1899, No. 189, on verdict for defendant in case of Mary A. Stock v. Isabella B. Stock.   Before RICE, P. J., BEAVER, OR-LADY, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.

Assumpsit to recover death benefits.

The case arose originally in a suit instituted by Isabella B. Stock against the Supreme Council of the Legion of the Red Cross.   Isabella B. Stock was the mother of William F. Stock, a member of the association.   Mary A. Stock, the widow of William F. Stock, brought a suit against the association to re-cover the death benefits which Isabella B. Stock claimed as the beneficiary named in the certificate of William F. Stock.   The court directed an issue to be framed, and at the trial gave bind-ing instructions for defendant, Isabella B. Stock.   Other facts appear by the opinion of the Superior Court.

*Error assigned* was in giving binding instructions for de-fendant.

*Charles H. Pile*, for appellant, cited: Arthars v. Baird, 8 Pa. C. C. Rep. 67; Burst v. Weisenborn, 1 Pa. Superior Ct. 276; Sanger v. Rothschild, 123 N. Y. 577; Alexander v. Parker, 144 Ill. 355; Donlevy v. Shield of Honor, 11 Pa. C. C. Rep. 477.

*Francis Fisher Kane*, with him *D. Stuart Robinson* and *James M. Beck*, for appellee, cited: Catholic Order of Foresters v. Cal-lahan, 146 Mass. 391.

PER CURIAM, November 18, 1901:

If all the relevant by-laws are printed in the appellant's paper-book, the court was clearly right in holding that the defendant in this issue was entitled to the fund.   Clause *d* of section 13 expressly provides that a single man without family may name his mother as beneficiary, and the first clause of the section pro-vides that the death benefit certificate shall be issued to the benefit of such person or persons as may be named therein. The member being a single man without family, designated his mother as beneficiary and did not change his beneficiary as he might have done, if he had so desired, in the manner provided in section 14 of the by-laws.   It was evidently his intention that

the money should be paid to his mother notwithstanding the fact that he married after the certificate issued. We find nothing in the by-laws to warrant the conclusion that his marriage revoked the designation previously made, and as the member did not exercise his privilege to revoke or change it, the right of the beneficiary to the money vested upon his death. None of the cases cited by the appellant's counsel is in conflict with this conclusion, and it is supported by the well considered decision of the Supreme Judicial Court of Massachusetts in Catholic Order of Foresters v. Callahan, 146 Mass. 391.

Judgment affirmed.